FURMAN ANTHONY HOOTS AND WIFE, PAULA HOOTS, PLAINTIFFS v. GARY
PRYOR, CHAMPION INTERNATIONAL CORPORATION, A NEW YORK COR-
PORATION, AND PUBLIC SERVICE COMPANY OF NORTH CAROLINA, INC.,
A NORTH CAROLINA CORPORATION, DEFENDANTS

No. 9129SC149

(Filed 16 June 1992)

1. **Appeal and Error § 114 (NCI4th)— 12(b)(6) motion granted—
appeal—interlocutory—substantial right exception**

An appeal from an order granting motions by two defend-
ants to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) was in-
terlocutory because it did not dispose of a claim against a
third defendant, but was reviewable under the substantial right
exception because a dismissal now would raise the possibility
of inconsistent verdicts in later proceedings.

**Am Jur 2d, Appeal and Error § 62.**

2. **Appeal and Error § 99 (NCI4th)— motion to amend pleadings
denied—appeal interlocutory—treated as petition for certiorari**

The denial of a motion to amend pleadings did not affect
a substantial right and was interlocutory; however, because
a determination of the correctness of the denial of the motion
to amend was necessary to decide the appeal from the 12(b)(6)
dismissal, the appeal was treated as a motion for certiorari
and allowed. N.C.R. App. P. 21(a)(1).

**Am Jur 2d, Appeal and Error § 62.**

3. **Pleadings § 32 (NCI3d)— motion to amend denied—12(b)(6)
dismissal previously granted—no error**

The trial court did not err by denying plaintiffs' motion
to amend their complaint as to two of three defendants where
another judge had previously granted a dismissal as to those
two defendants under N.C.G.S. § 1A-1, Rule 12(b)(6). While
a motion to dismiss under Rule 12(b)(6) does not terminate
a party's unconditional right to amend pursuant to N.C.G.S.
§ 1A-1, Rule 15(a), the entry of a dismissal under Rule 12(b)(6)
does terminate that right. The judge denying the motion to
amend found as a fact that plaintiffs had stipulated to the
entry of dismissal before the motion to amend and plaintiffs
have not objected to that finding, so that it was not necessary

to determine whether the dismissal was entered with the oral grant of the 12(b)(6) motion before the motion to amend.

**Am Jur 2d, Pleading § 317.**

4. **Negligence § 47 (NCI3d) — 4 wheel drive accident along pipeline excavation — trespasser — 12(b)(6) dismissal**

The trial court correctly granted a motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) for defendants Champion and Gas Company where plaintiff Furman Hoots was injured when the four wheel drive vehicle in which he was riding overturned on steep, uneven ground on a cleared strip beside a gas pipeline excavation ditch located on an easement sold by Champion to Gas Company for construction of a gas pipeline. Allegations that the accident occurred about one-quarter mile from a public recreational access area and roadway leased by Champion to the State for a public sport fishing and recreational area and that Champion and Gas Company knew or should have known that vehicles frequented the public area and frequently attempted to drive up and down the cleared strip along the easement were not sufficient to allege that plaintiff Hoots was a licensee. Plaintiffs do not allege that either defendant actually created the hazardous condition or that it was a hidden condition, or any facts that would constitute willful or wanton negligence by either defendant.

**Am Jur 2d, Premises Liability §§ 109, 163, 164, 166.**

5. **Contracts § 116 (NCI4th) — third party beneficiary — failure to allege that contract enforceable — failure to allege direct beneficiary**

The trial court correctly granted a dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) for defendants Champion and Gas Company in an action arising from an accident involving a four wheel drive vehicle on a gas pipeline easement where plaintiffs alleged that plaintiff Hoots was a third party beneficiary of a contract between Champion and Gas Company granting Gas Company the easement and requiring it to erect barriers to prevent motor vehicle access onto the easement. Plaintiffs did not allege that the contract was valid and enforceable and did not allege that plaintiffs were the direct and not the incidental beneficiaries of the contract.

**Am Jur 2d, Contracts §§ 435, 449.**

APPEAL by plaintiffs from order entered 3 December 1990 by *Judge Hollis M. Owens, Jr.,* in HENDERSON County Superior Court and from order entered 3 December 1990 by *Judge Edward K. Washington* in HENDERSON County Superior Court. Heard in the Court of Appeals 12 November 1991.

*Waymon L. Morris, P.A., by Waymon L. Morris, for plaintiffs-appellants.*

*Roberts Stevens & Cogburn, P.A., by Steven D. Cogburn and W. O. Brazil, III, for defendant-appellee Champion International Corporation.*

*Stott, Hollowell, Palmer & Windham, by Grady B. Stott and Martha R. Holmes, for defendant-appellee Public Service Company of North Carolina, Inc.*

JOHNSON, Judge.

This case arises from a motor vehicle accident which occurred when defendant Pryor attempted to drive his four-wheel drive vehicle along a cleared strip beside a gas pipeline ditch dug by defendant Public Service Company of North Carolina, Inc. (Gas Company). Plaintiff Hoots was a passenger in the vehicle and was seriously injured when the vehicle overturned on the steep uneven ground, trapping plaintiff underneath it. The land on which the accident occurred was owned by defendant Champion International Corporation (Champion). The excavation ditch and the cleared strip beside it were located on an easement sold by Champion to Gas Company for the purpose of the construction of a gas pipeline. The accident site was not far from other land, also owned by Champion, which was leased to the N.C. Department of Natural Resources and Community Development for use by the public.

Plaintiffs brought suit against defendant Pryor on 25 May 1989 and on 28 August 1990 amended their complaint to join defendants Champion and Gas Company. Defendants Champion and Gas Company filed motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Judge Owens, on 26 November 1990, in open court, allowed defendants' Rule 12(b)(6) motions and dismissed plaintiffs' claims as to them. On 28 November 1990, plaintiffs filed a motion for leave to amend their complaint as to defendants Gas Company and Champion. On 3 December 1990, Judge Owens signed an order granting the Rule

12(b)(6) motions as to each corporate defendant. This order was filed at 11:21 a.m. The dismissal did not affect plaintiffs' negligence claim against defendant Pryor, which remains. Later that same day (3 December 1990), plaintiffs' motion to amend was heard by Judge Washington who denied the motion, concluding, as a matter of law, that the dismissal of plaintiffs' complaint by Judge Owens had operated as an adjudication on the merits.

Plaintiffs appeal from Judge Owens' order granting defendants Champion and Gas Corporation's motion to dismiss and from Judge Washington's order denying plaintiffs' motion to amend their complaint.

I.

Plaintiffs appeal from two different orders. Initially, we must decide whether these appeals are interlocutory and should be dismissed.

THE APPEAL FROM THE RULE 12(b)(6) DISMISSALS.

[1] Champion and Gas Company argue that plaintiffs' appeal from the order granting their Rule 12(b)(6) motions is interlocutory and thus should be dismissed.

A judgment of a trial court is either interlocutory or is a final determination of the rights of the parties. G.S. § 1A-1, Rule 54(a) (1990). Interlocutory orders are those made during the pendency of an action which do not dispose of the case but leave it for further action by the trial court in order to settle and determine the entire controversy. *Veazey v. Durham*, 231 N.C. 357, 57 S.E.2d 377, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950); *Cook v. Bankers Life and Casualty Co.*, 329 N.C. 488, 406 S.E.2d 848 (1991) (granting of summary judgment in favor of one defendant does not finally determine all the claims in the case and is thus an interlocutory order). Interlocutory orders are normally not appealable. *See Veazey*, 231 N.C. 357, 57 S.E.2d 377. An appeal from a nonappealable interlocutory order is fragmentary and premature and will be dismissed. *Cement Co. v. Phillips*, 182 N.C. 437, 109 S.E. 257 (1921). But under certain circumstances, an appeal of right lies from an interlocutory order and such appeal will not be dismissed. G.S. § 1A-1, Rule 54(b); G.S. §§ 1-277 (1983) and 7A-27(d) (1989).

Judge Owens' order dismissing plaintiffs' claims against Champion and Gas Company is an interlocutory order since it was made

**HOOTS v. PRYOR**

[106 N.C. App. 397 (1992)]

during the pendency of the action and it does not dispose of the case but leaves plaintiffs' negligence claim against defendant Pryor. Even though interlocutory, plaintiffs' appeal of Judge Owens' order will not be dismissed if either of two means of appealing interlocutory judgments applies. *See Davidson v. Knauff Ins. Agency*, 93 N.C. App. 20, 376 S.E.2d 488, *disc. review denied*, 324 N.C. 577, 381 S.E.2d 772 (1989).

Under G.S. § 1A-1, Rule 54(b), when multiple parties are involved in an action, the court may enter a final judgment as to one or more but fewer than all of the parties. Such a judgment, though interlocutory for appeal purposes, shall then be subject to review if the trial judge certifies that there is no just reason for delay. *Davidson*, 93 N.C. App. at 24, 376 S.E.2d at 490. Here, the dismissal of defendants upon their Rule 12(b)(6) motions operates as a final judgment as to the cause of action against them but there is no certification in the dismissal order as to delay as required by Rule 54(b), thus there is no right of appeal under Rule 54(b).

Even though an interlocutory order cannot be appealed under Rule 54(b), an appeal is allowed if the provisions of G.S. §§ 1-277(a) and 7A-27(d) apply. Under these statutes, an appeal of right lies from an interlocutory order which prejudices "a substantial right." Whether or not a substantial right will be prejudiced by delaying an interlocutory appeal must be decided on a case by case basis. "It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which the appeal is sought is entered." *Bernick v. Jurden*, 306 N.C. 435, 439, 293 S.E.2d 405, 408 (1982) (quoting *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978)). The determination of appealability under the substantial right exception is a two step process. *See J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 362 S.E.2d 812 (1987). First, there must be a "substantial right" and second, "the enforcement of the substantial right must be lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order." *Id.* at 6, 362 S.E.2d at 815.

In *Green v. Duke Power Co.*, 305 N.C. 603, 290 S.E.2d 593 (1982) our Supreme Court stated that "the right to avoid the possibility of two trials on the same issues can be such a substantial right." *Green*, 305 N.C. at 606, 290 S.E.2d at 595. As explained in *Davidson*,

HOOTS v. PRYOR

[106 N.C. App. 397 (1992)]

This general proposition is based on the following rationale: when common fact issues overlap the claim appealed and any remaining claims, delaying the appeal until all claims have been adjudicated creates the possibility the appellant will undergo a second trial of the same fact issues if the appeal is eventually successful. This possibility in turn 'creat[es] the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue.'

*Davidson*, 93 N.C. App. at 25, 376 S.E.2d at 491 (quoting *Green*, 305 N.C. at 608, 290 S.E.2d at 596); *see also Cook*, 329 N.C. 488, 406 S.E.2d 848.

We find that under the facts of this case, plaintiffs' appeal is reviewable under the substantial right exception because a dismissal now would raise the possibility of inconsistent verdicts in later proceedings. Plaintiffs' claims against defendant Pryor sound in negligence. Plaintiffs' claims against Gas Company and Champion are based on their interest in the land and their duty to warn of hazardous conditions on the land. Gas Company alleges that defendant Pryor's actions constitute intervening negligence and that plaintiff Furman Hoots' conduct constitutes contributory negligence. It is conceivable that in a proceeding against defendant Pryor alone, the jury could find that plaintiff was contributorily negligent. If, in an appeal from that verdict, plaintiffs renew their appeal of the dismissal of defendants Gas Company and Champion and we were to find that the dismissal was improperly granted, then a second trial would be required as against these defendants. It is conceivable that at the second trial, plaintiff could be found not to have been contributorily negligent. *See DeHaven v. Hoskins*, 95 N.C. App. 397, 382 S.E.2d 856, *disc. review denied*, 325 N.C. 705, 388 S.E.2d 452 (1989).

Because of the possibility of inconsistent verdicts if this case were to be tried in two separate proceedings, we find that plaintiffs' appeal of Judge Owens' order is not premature and should not be dismissed.

APPEAL FROM THE DENIAL OF MOTION TO AMEND.

[2] We now consider whether plaintiffs' appeal from Judge Washington's order denying their motion to amend is properly before this Court.

An appeal from the *denial* of a *motion to amend* a pleading is ordinarily interlocutory and not immediately appealable. *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972) (denial of motion to amend answer); *Buchanan v. Rose*, 59 N.C. App. 351, 296 S.E.2d 508 (1982) (appeal from denial of motion to amend answer is interlocutory and not immediately appealable unless it affects a substantial right); *Overton v. Overton*, 260 N.C. 139, 132 S.E.2d 349 (1963) (rulings on motions to amend are not *res judicata* unless they involve a substantial right). As with any other interlocutory order, if the order affects a substantial right which the appellant would lose if the order or ruling is not reviewed before final judgment, it is appealable. *Goodwin v. Zeydel*, 96 N.C. App. 670, 387 S.E.2d 57 (1990) (where denial of motion to amend answer would effectively bar forever a claim for equitable distribution, it affects a substantial right and is appealable); *Hudspeth v. Bunzey*, 35 N.C. App. 231, 241 S.E.2d 119, *disc. review denied*, 294 N.C. 736, 244 S.E.2d 154 (1978) (denial of motion to amend answer to assert a compulsory counterclaim affects a substantial right and is appealable).

We find that the order appealed from does not affect a substantial right and is interlocutory. However, the posture of this case is such that a determination of the correctness of Judge Washington's denial of plaintiffs' motion to amend is necessary to decide the appeal from the Rule 12(b)(6) dismissals, which we have found is properly before us. We therefore treat this appeal as a petition for certiorari and allow it. N.C.R. App. P. 21(a)(1).

[3] We find that Judge Washington did not err in denying plaintiffs' motion to amend. In his order denying the motion, Judge Washington made the following findings of fact and conclusion of law. We paraphrase the determinative parts, except where a quote is indicated:

1. A hearing was held on 26 November before Judge Owens on defendants' motions to dismiss for failure to state a claim.

2. Attorneys for plaintiffs and defendants Champion and Gas Company were present.

3. "That plaintiffs' attorney and attorneys for [Champion] and [Gas Company] stipulated that on November 26, 1990 in open court, after hearing arguments of counsel for the parties, Judge

Owens granted the motions of [Champion] and [Gas Company] to dismiss plaintiffs' complaint[.]"

4. On 28 November plaintiffs filed a Notice of Motion and a Motion to Amend pursuant to Rule 15 with the clerk.

. . .

7. The parties "stipulated that on December 3, 1990 in open court the Order signed by Judge Owens and filed with the [clerk] on December 3, 1990 contained no modifications from the ruling of Judge Owens made in open court on November 26, 1990 granting the Motions of [defendants] pursuant to Rule 12(b)(6), and that the written Order of Judge Owens was in all respects the same as his oral Order entered in open court on November 26, 1990."

"UPON THE FOREGOING FINDINGS OF FACT, the Court concludes as a matter of law that dismissal of Plaintiffs' Complaint by Judge Owens as to [Champion] and [Gas Company] pursuant to Rule 12(b)(6) operates as an adjudication upon the merits and that Plaintiffs' Motion to Amend should be denied."

Judge Washington's order, in paragraph 7, states that plaintiffs stipulated that Judge Owens granted defendants' motions to dismiss on 26 November and that the oral order was entered on that date. Plaintiffs do not object to Judge Washington's findings of fact. We are therefore bound by those findings and only need determine whether the conclusion of law is supported by the findings of fact. We hold that it is.

A dismissal under Rule 12(b)(6) operates as an adjudication on the merits unless the court specifies that the dismissal is without prejudice. N.C.R. Civ. P. 41(b) (1990); *Johnson v. Bollinger*, 86 N.C. App. 1, 356 S.E.2d 378 (1987). In the case *sub judice* the trial judge did not so indicate and the dismissal is thus with prejudice. While a motion to dismiss under Rule 12(b)(6) does not terminate a party's unconditional right to amend pursuant to Rule 15(a), the entry of a dismissal under Rule 12(b)(6) does terminate that right. *Id.* at 7, 356 S.E.2d at 382 (citing federal cases).

We find that we need not decide whether the dismissal was "entered" on 26 November with Judge Owens' oral grant of defendants' Rule 12(b)(6) motion or whether the dismissal was "entered" on 3 December when he signed the order. Judge Washington found

as a fact that plaintiffs had stipulated to the entry of dismissal on 26 November. Plaintiffs did not object to this finding of fact nor do they object now. Having stipulated that the order was entered on 26 November, plaintiffs will not now be heard to complain that the order was not "entered" then, so as to make a case that their later motion to amend was timely.

We find that Judge Washington did not err in holding that the dismissal of plaintiffs' complaint on 26 November operated as an adjudication on the merits and that it terminated plaintiffs' right to amend their complaint. Therefore, our consideration of plaintiffs' appeal from the Rule 12(b)(6) dismissals must be based on the legal sufficiency of plaintiffs' amended complaint filed on 28 August 1990.

## II.

We now consider plaintiffs' appeal from the order granting defendants' motions to dismiss. Plaintiffs contend that the trial court erred in dismissing plaintiffs' claims against Gas Company and Champion for failure to state a claim upon which relief can be granted.

A dismissal under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970). "[A] complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim."* *Id.* at 103, 176 S.E.2d at 166 (original emphasis). In ruling on the motion, the allegations in the complaint must be viewed as admitted and the court must determine as a matter of law whether the allegations state a claim for which relief can be granted. *Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 299 S.E.2d 297 (1976).

### THE NEGLIGENCE CLAIM.

[4] Plaintiffs' first cause of action alleges negligent failure of defendants to warn of a hazardous condition. Plaintiffs' complaint alleges in pertinent part that defendant Champion is the owner and Gas Company is the easement holder of the land on which the accident occurred:

8. The location of said accident was upon a portion of the [Gas Company's] easement in extremely steep mountainous terrain unfit for the operation of even four wheel vehicles and

which portion of the easement was bereft of vegetation. The surface was loose uneven soil and rocks thereby constituting a dangerous, hazardous condition upon which motor vehicles should not have been permitted.

9. Said conditions existed along a strip of terrain adjacent to [Gas Company's] excavation for installation of its gas transmitting pipe line and extended from a construction area on the northerly side of Big Hungry River at its intersection with the above described easement; thence in a cleared up-hill strip of soil from a public recreational access area and vehicular roadway approximately one-quarter (1/4) mile with a curve to the left to the place of occurrence.

10. That [Champion] . . . leased the tract of land lying along the Big Hungry River to the North Carolina Department of Public Resources for a public sport fishing and recreational area.

. . .

12. Champion and Gas Company had a duty to warn by appropriate signs, or in the alternative, to erect barricades to prevent access to the cleared strip of easement which Defendants knew . . . or should have known, constituted a hazardous condition[.]

The standard of care of an owner or possessor of land owed to one who comes on the land depends upon whether the injured party is an invitee, a licensee or a trespasser. Initially, we must decide what status plaintiff Hoots has with regard to the land in question. Plaintiffs make no allegations in their complaint as to plaintiff Hoots' status, nor do they argue this point in their brief.

An invitee is one who goes upon the premises of another in response to an express or implied invitation by the landowner for the mutual benefit of the landowner and himself. *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E.2d 245 (1979); *Hood v. Coach Co.*, 249 N.C. 534, 107 S.E.2d 154 (1959). Plaintiffs allege no facts which would give plaintiff Hoots the status of an invitee.

A licensee is one who enters on the premises with the possessor's permission, express or implied, solely for his own purposes rather than for the possessor's benefit. *Mazzacco v. Purcell*, 303 N.C. 493, 279 S.E.2d 583 (1981); *Pafford v. Const. Co.*, 217 N.C. 730, 735, 9 S.E.2d 408, 411 (1940) (a licensee is neither customer, servant

nor trespasser and has no contractual relation with the owner but who is permitted, expressly or impliedly, to go thereon merely for his own interest, convenience or gratification). Plaintiffs do not allege that plaintiff Hoots had permission, express or implied, to go upon the land where the accident occurred. They do allege that the spot where the accident occurred is about one-quarter mile from a public recreational access area and roadway leased by Champion to the N.C. Department of Public Resources for a public sport fishing and recreational area; that Champion and Gas Company knew or should have known that vehicles frequented the public access and recreational area and that drivers had frequently attempted to drive up and down the cleared strip along the easement. These allegations are not sufficient to allege that plaintiff Hoots was a licensee at the spot where the accident occurred.

A trespasser is one who enters the land of another without permission. We find that the complaint alleges facts that would make plaintiff Hoots no more than a trespasser on the land where the accident occurred. The duty owed to a trespasser is to refrain from willfully or wantonly injuring the trespasser. *Jessup v. High Point, Thomasville and Denton Railroad*, 244 N.C. 242, 245, 93 S.E.2d 84, 87 (1956).

> To constitute willful injury there must be actual knowledge, or that which the law deems to be the equivalent of actual knowledge, of the peril to be apprehended, coupled with a design, purpose, or intent to do wrong and inflict injury. A wanton act is one which is performed intentionally with a reckless indifference to injurious consequences probable to result therefrom. Ordinary negligence has as its basis that a person charged with negligent conduct should have known the probable consequences of his act. Wanton and willful negligence rests on the assumption that he knew the probable consequences, but was recklessly, wantonly or intentionally indifferent to the results.

*Wagoner v. North Carolina Railroad Co.*, 238 N.C. 162, 168, 77 S.E.2d 701, 706 (1953).

We find that plaintiffs' complaint fails to allege willful and wanton negligence on the part of either defendant. The most that plaintiffs allege is that a hazardous condition, consisting of loose uneven soil and rocks, existed on a strip of terrain adjacent to Gas Company's excavation. This was in an area of "extremely steep,

HOOTS v. PRYOR

[106 N.C. App. 397 (1992)]

mountainous terrain unfit for the operation of even four wheel vehicles." Plaintiffs do not allege that either defendant actually created the hazardous condition or that it was a hidden condition. Plaintiffs do not allege any facts which would constitute willful or wanton negligence on the part of either defendant. This cause of action was properly dismissed.

## THE THIRD PARTY BENEFICIARY CLAIM.

[5] In their second cause of action, plaintiffs allege that plaintiff Hoots is a third party beneficiary of a contract between Champion and Gas Company granting Gas Company the easement and requiring it to erect barriers to prevent motor vehicle access onto the easement. Plaintiffs allege a breach of that contract by Gas Company, either because Champion failed to designate the location of such barriers or because Gas Company failed to erect such barriers. Plaintiffs allege that plaintiff Hoots is a member of a class of persons intended to be benefited by the contract and that the breach by Gas Company resulted in the injury to him.

We find that plaintiffs have failed to allege sufficient facts to avoid a dismissal under Rule 12(b)(6).

> To establish a claim based on the third party beneficiary contract doctrine, a complaint's allegations must show: (1) the existence of a contract between two other persons; (2) that the contract was valid and enforceable; (3) that the contract was entered into for his direct, and not incidental, benefit.

*Leasing Corp. v. Miller*, 45 N.C. App. 400, 405-06, 263 S.E.2d 313, 317, *disc. review denied*, 300 N.C. 374, 267 S.E.2d 685 (1980), *citing Trust Co. v. Processing Co.*, 242 N.C. 370, 88 S.E.2d 233 (1955). Complaints which fail to allege the required elements of the tort are subject to dismissal under Rule 12(b)(6). *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 79 N.C. App. 81, 339 S.E.2d 62 (1986), *rev'd on other grounds*, 322 N.C. 200, 367 S.E.2d 609 (1988). *See also Metric Constructors, Inc. v. Industrial Risk Insurers*, 102 N.C. App. 59, 401 S.E.2d 126, *aff'd*, 330 N.C. 439, 410 S.E.2d 392 (1991) (summary judgment).

Plaintiffs' complaint does not allege that the contract between Champion and Gas Company is valid and enforceable. "[I]t omits the second of the 'essential allegations' and thus 'leaves to conjecture that which must be stated.'" *Raritan*, 79 N.C. App. at 86,

339 S.E.2d at 66 (quoting *Leasing Corp.*, 45 N.C. App. at 406, 263 S.E.2d at 317). Plaintiffs' second cause of action was properly dismissed on that account. *Id.* Plaintiffs have also failed to allege that they are the direct and not the incidental beneficiaries of the contract. Their allegation is found in paragraph 19 of the amended complaint.

19. Plaintiff, Hoots, was a member of a class of persons, to wit: a passenger in a motor vehicle, which vehicle had invited access to the public access and recreational areas abutting, touching, and traversing the gas line easement granted to Gas Company by Champion. Said class was intended by the contracting parties to be benefited by said provisions for barriers and permanent structures as before set out.

An allegation that plaintiff is a member of a class of persons "intended" by the contracting parties to be benefited falls far short of alleging that the contract was entered into for the direct, not incidental, benefit of plaintiff. Dismissal was also properly entered on this basis.

In conclusion, we find that plaintiffs' complaint was properly dismissed for failure to state a claim upon which relief can be granted.

Affirmed.

Judges EAGLES and ORR concur.