DONALD ROYCE HARTMAN, Plaintiff-Appellant v. WALKERTOWN
SHOPPING CENTER, INC., Defendant-Appellee

No. 9321SC120

(Filed 15 February 1994)

**Negligence § 65 (NCI4th)— depressed water meter in shopping
center parking lot—meter located within easement—duty of
shopping center to warn—actual knowledge of condition by
shopping center**

In an action to recover for personal injuries sustained
by plaintiff when he stepped into a depressed water meter
cover in an area at defendant's parking lot which was part
of an easement granted by defendant's shopping center to
the local sanitary district for installation and maintenance of
water lines, the trial court erred in granting summary judg-
ment for defendant shopping center, since the shopping center
had an affirmative duty to exercise ordinary care to maintain
the premises in a safe condition and a duty to warn invitees
of hidden dangers or unsafe conditions which were discoverable
through reasonable inspection and supervision. Moreover, de-
fendant shopping center had actual notice of the unsafe condi-
tion in this case and therefore it could be said that defendant
tolerated or acquiesced in the dangerous condition.

**Am Jur 2d, Premises Liability §§ 480 et seq.**

**Liability of owner or operator of shopping center to patrons
for injuries from defects or conditions in sidewalks, walks,
or pedestrian passageways. 95 ALR2d 1341.**

**Liability of owner or operator of parking lot for personal
injuries allegedly resulting from condition of premises. 38
ALR3d 10.**

Appeal by plaintiff from order entered 6 October 1992 by Judge
Robert M. Burroughs in Forsyth County Superior Court. Heard
in the Court of Appeals 2 December 1993.

*Danny T. Ferguson and L. Jayne Stowers for plaintiff-appellant.*

*Womble Carlyle Sandridge and Rice, by Allan R. Gitter and
Lawrence Pierce Egerton, for defendant-appellee.*

## HARTMAN v. WALKERTOWN SHOPPING CENTER

[113 N.C. App. 632 (1994)]

JOHNSON, Judge.

The facts underlying this appeal are as follows: During the evening of 23 February 1990, plaintiff Donald Royce Hartman went to defendant Walkertown Shopping Center (hereafter, defendant shopping center) to rent a video from Showtime Video, a tenant of defendant shopping center. Upon leaving Showtime Video, plaintiff crossed the sidewalk in front of the Showtime Video storefront. While stepping off the sidewalk onto the parking lot blacktop, plaintiff stepped into a depressed water meter cover in the parking lot. Plaintiff testified that the water meter cover appeared to be "sunken" and was some four to six inches below the level of the parking lot. The depressed water meter cover is within an easement which was granted by defendant shopping center to the Walkertown Sanitary District in 1971 "for the installation and maintenance of . . . water lines. [Defendant shopping center granted Walkertown Sanitary District] a ten (10) foot permanent and perpetual easement to install and maintain underground water lines and water meters upon the property owned by [defendant shopping center][.]"

The area where the water meter cover is located along with the rest of the entire strip fronting the shops is used as an approach to the tenant stores by invitees. The water meter cover was located between two parking spaces in front of the sidewalk to the storefronts. Plaintiff alleged that defendant shopping center should have known of the dangerous condition of the sunken water meter cover and that there were no warning signs or devices to warn plaintiff of the dangerous condition. Further, plaintiff alleged that the area where the injury occurred was not sufficiently lighted for plaintiff to have seen a dark hole in the parking lot blacktop. Plaintiff suffered personal injuries as a result of this fall.

Plaintiff filed a complaint in this action on 19 February 1992, seeking damages resulting from the negligence of defendant shopping center, Dale Ward (doing business as Showtime Video), and the Town of Walkertown, Inc. Defendant shopping center filed an answer denying negligence and filed a motion for summary judgment. On 5 October 1992, the trial court granted defendant shopping center's motion for summary judgment. From this order, plaintiff has appealed to our Court.

We first address *sua sponte* whether this interlocutory appeal is properly before our Court. In determining whether we may hear plaintiff's appeal, we note that the trial court's summary judgment

order is interlocutory because it does not determine the entire controversy between all of the parties. *Veazey v. Durham*, 231 N.C. 357, 57 S.E.2d 377, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). "An interlocutory order is generally not appealable." *Taylor v. Brinkman*, 108 N.C. App. 767, 769, 425 S.E.2d 429, 431, *disc. review denied*, 333 N.C. 795, 431 S.E.2d 30 (1993). There are two methods by which an interlocutory order may be appealed; one of these is "if there has been a final disposition as to one or more but fewer than all of the claims or parties in a case, the trial judge may certify that there is no just reason to delay appeal." *Id.*; North Carolina General Statutes § 1A-1, Rule 54(b) (1990). The second method when an interlocutory order not immediately appealable may be appealed is pursuant to North Carolina General Statutes § 1-277 (1983) and North Carolina General Statutes § 7A-27(d) (1989). "The most common reason for permitting immediate appeal of an interlocutory order under these statutes is the prejudice of a substantial right of the appellant if appeal is delayed." *Taylor*, 108 N.C. App. at 770, 425 S.E.2d at 431.

"[T]he right to avoid the possibility of two trials *on the same issues* can be . . . a substantial right." *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982) (citation omitted) (emphasis retained). "A judgment which creates the possibility of inconsistent verdicts on the same issue—in the event an appeal eventually is successful—has been held to affect a substantial right." *DeHaven v. Hoskins*, 95 N.C. App. 397, 399, 382 S.E.2d 856, 858, *disc. review denied*, 325 N.C. 705, 388 S.E.2d 452 (1989).

We note that identical factual claims are present in plaintiff's claims against defendant shopping center as well as against defendants Dale Ward, doing business as Showtime Video, and the Town of Walkertown, Inc. We further note that the trial court's summary judgment in favor of defendant Dale Ward was not appealed. However, because our dismissal of this appeal as interlocutory could still result in two different trials on the same issues, creating the possibility of inconsistent verdicts, a substantial right is prejudiced. Therefore, defendant shopping center's motion for summary judgment which was granted by the trial court is immediately appealable by plaintiff.

We now turn to plaintiff's lone assignment of error, that the trial court erred in granting defendant's summary judgment motion. Summary judgment is granted when the movant has estab-

## HARTMAN v. WALKERTOWN SHOPPING CENTER

[113 N.C. App. 632 (1994)]

lished the nonexistence of any genuine issue of fact. This showing must be made in the light most favorable to the nonmoving party and such nonmoving party should be accorded all favorable inferences that may be deduced from the showing. *Moye v. Gas Co.*, 40 N.C. App. 310, 252 S.E.2d 837, *disc. review denied*, 297 N.C. 611, 257 S.E.2d 219 (1979). Plaintiff argues that the issue before our Court is whether defendant shopping center, the landowner-inviter, "breached its duty of ordinary care to Plaintiff, an invitee, when Plaintiff was injured on a portion of Defendant's paved parking lot in which an easement had been granted for furnishing water to Defendant's Shopping Center, where the easement area was part of the approach to Defendant's tenant shops used by invitees, was insufficiently lighted to reveal the danger, and the dangerous conditions which caused the injuries were known to both the landowner-inviter and the easement holder[.]"

Defendant argues that *Green v. Duke Power Co.*, 305 N.C. 603, 290 S.E.2d 593, an attractive nuisance case, is controlling on the facts in the instant appeal. In *Green*, a five year old trespassing child was injured when she touched an exposed electrified portion of a ground-level transformer. The plaintiff parents brought suit against the owner of the transformer, Duke Power, contending Duke Power was negligent because the transformer was unlocked. Duke Power brought in as third party defendants the local Housing Authority, which had granted Duke Power an easement, and the lessee of the property, Henry Thomas Eanes. The trial court granted motions for summary judgment by the Housing Authority and Eanes, and Duke Power appealed. Our Supreme Court affirmed the trial court's granting of summary judgment for the third party defendants Housing Authority and Eanes. The Court noted that the injured party in *Green* was a trespassing child and as such, stated the rules governing liability:

It must be conceded that the liability for injuries to children sustained by reason of dangerous conditions on one's premises is recognized and enforced in cases in which no such liability accrues to adults. This we think sound in principle and humane policy. We have no disposition to deny it or to place unreasonable restrictions upon it. We think that the law is sustained upon the theory that the infant who enters upon premises, having no legal right to do so, either by permission, invitation or license or relation to the premises or its owner, is as essentially a trespasser as an adult; but if, to gratify a childish curiosity,

> or in obedience to a childish propensity excited by the character of the structure or other conditions, he goes thereon and is injured by the failure of the owner to properly guard or cover the dangerous condition which he has created, he is liable for such injuries, provided the facts are such as to impose the duty of anticipation or prevision; that is, whether under all of the circumstances he should have contemplated that children would be attracted or allured to go upon his premises and sustain injury.

*Green*, 305 N.C. at 609, 290 S.E.2d at 597, quoting *Briscoe v. Lighting and Power Co.*, 148 N.C. 396, 411, 62 S.E. 600, 606 (1908). When arguing to the Court, Duke Power cited "several cases which have held landowners liable under the attractive nuisance doctrine for injuries to children resulting from dangerous conditions on the landowner's property, known to the owner but which he neither created nor maintained." *Id.* The Court distinguished these cases, stating that "while the defendants therein did not create or maintain the dangerous conditions on their land, *they 'knowingly suffered [the dangerous conditions] to continue.'* " *Id.* (Emphasis added.) The Court further stated, *Id.* at 610, 290 S.E.2d at 598, that "the dispositive issue in [*Green*] is not whether Housing Authority and Eanes knew of the dangerous condition of the transformer, but whether they can be said to have 'suffered it to continue,' i.e., tolerated or acquiesced in it. We think not." (Citations omitted.) The Court opined that

> neither the owner nor the occupier of the property on which the transformer was located had the right to deny access to the transformer or to remedy the dangerous condition of the device. The transformer was the sole property of appellant Duke Power. It was placed on the premises pursuant to a valid easement the terms of which granted to Duke "the right, privilege and easement . . . to construct, maintain and operate [thereon] . . . transformers . . . together with the right at all times to enter said premises . . ." Any interference or tampering with Duke's transformer would clearly encroach upon the rights granted to Duke by the easement. Likewise, locking or fencing the transformer would impair Duke's access to it and would be inconsistent with the terms of the easement. It was not reasonably practical for the owner of the realty, Housing Authority, or the occupier, Eanes, to prevent access to the transformer or to render it harmless.

*Id.* at 611, 290 S.E.2d at 598. The Court then went on to state:

HARTMAN v. WALKERTOWN SHOPPING CENTER

[113 N.C. App. 632 (1994)]

[T]he general rule [is] that "[i]t is not only the right but the duty of the owner of an easement to keep it in repair; the owner of the servient tenement is under no duty to maintain or repair it, in the absence of an agreement therefor." Another rule follows from the first; viz. "If the character of the easement is such that a failure to keep it in repair will result in injury to the servient estate or to third persons, the owner of the easement will be liable in damages for the injury so caused."

. . . . .

Duke Power Company had the *sole* duty to keep safe the transformer which was Duke's sole property. Duke had expressly bound itself to "maintain [the transformer] . . . in a proper manner" in the instrument granting to Duke the easement and pursuant to which the transformer had been erected. We are of the opinion that the knowledge of third party defendants is irrelevant to the question of their liability where, as here, the third party defendants had no control over the transformer.

*Id.* at 611-12, 290 S.E.2d at 598 (emphasis retained) (citations omitted).

The dispositive question in this appeal, then, is whether the facts in the present case are distinguishable from *Green*. Because we believe the facts of the instant case are distinguishable from *Green*, we reverse the trial court's granting of summary judgment in favor of defendant shopping center.

It is well-settled that the standard of care owed by an owner of land to one who comes onto the land depends on the status of the injured party. *Hoots v. Pryor*, 106 N.C. App. 397, 417 S.E.2d 269, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 148 (1992). In the case *sub judice*, the status of the injured party was that of an invitee. "An invitee is one who goes upon the premises of another in response to an express or implied invitation by the landowner for the mutual benefit of the landowner and himself." *Id.*, 106 N.C. App. at 406, 417 S.E.2d at 275. "A shopping center owner has a duty to exercise ordinary care to maintain the premises in a safe condition and to warn the invitee of hidden dangers or unsafe conditions, discoverable by the owner through reasonable inspection and supervision." *Stoltz v. Burton*, 69 N.C. App. 231, 234, 316 S.E.2d 646, 647 (1984).

Notwithstanding the rules referenced earlier in this opinion, i.e., that it is the duty of the owner of an easement to keep the easement in repair, and that the owner of the easement will be liable in damages for injuries caused to third persons, we find that defendant shopping center had an affirmative duty to exercise ordinary care to maintain the premises in a safe condition and a duty to warn invitees of hidden dangers or unsafe conditions which were discoverable through reasonable inspection and supervision. We further note that not only might defendant shopping center herein have discovered the unsafe condition, the depressed water meter cover, through reasonable inspection and supervision, but that defendant shopping center was actually *on notice* of this unsafe condition. An affidavit by an employee of defendant shopping center's insurance company indicates that a similar injury to a different invitee occurred when the invitee stepped in the same water meter hole a month earlier. Because of defendant shopping center's duty to its invitees, and under the forecast of evidence of this case, it can be said that defendant shopping center "suffered" the dangerous condition to continue,"i.e., tolerated or acquiesced in it."

For these reasons, we reverse the trial court's decision granting summary judgment in favor of defendant shopping center.

Reversed.

Judges MARTIN and McCRODDEN concur.