BERGER, Judge.
 

 *442
 
 The Town of Marshville ("Defendant Town") appeals from two orders ruling on motions made in its dispute with Union County ("Plaintiff County") over the disposal of wastewater. The appealed orders are interlocutory, and Defendant Town must therefore establish grounds for appellate review. Interlocutory review of these orders is argued by Defendant Town to be proper because the orders affect the substantial rights of governmental immunity and the avoidance of the possibility of inconsistent verdicts, and these substantial rights would be lost without immediate review. Because Defendant Town is unable to establish that either ground for appellate review applies to the appealed orders, we dismiss as interlocutory.
 

 Factual & Procedural Background
 

 In 1978, Plaintiff County and Defendant Town entered into a contract under which the wastewater and sewage of Defendant Town was collected, transported, monitored, and treated in exchange for payment of the costs incurred by Plaintiff County to carry out these duties. Since 1981, when the municipal collection system became operational, the system has transported Defendant Town's sewage up to thirty miles to the treatment plant owned by the City of Monroe.
 

 Federal law requires that a user charge system be implemented under which each user pays a proportional share of the costs of operations and maintenance, which includes necessary replacement of capital assets. The 1978 Contract implemented the payment structure used by the parties. In 1994, an agreement was reached extending the contract term until 2011. In the early 2000's, the system needed repair, to the point that
 
 *443
 
 state regulators required corrective action to be taken by the County. Between 2005 and 2011, Plaintiff County spent more than $12 million in improving the system, although some of this cost was funded through federal grants.
 

 In 2011, Plaintiff County notified Defendant Town that their contract term had ended. A new contract was proposed in 2012 to Defendant Town, but no agreement was reached. For several years both parties operated under the terms of the original contract. However, in 2014, Defendant Town ceased its payment of the required user fees for its use of the sewage system. It was for the collection of over $467,000.00 of unpaid fees owed by Defendant Town that Plaintiff County filed this lawsuit on April 11, 2016.
 

 Defendant Town moved to dismiss the lawsuit, denying any obligation in contract or restitution. It also filed counterclaims asserting equitable ownership of the sewage system. Plaintiff County responded by formally revoking its permission for Defendant Town to discharge it sewage into the county system. It also amended its complaint to add claims, and it sought a preliminary injunction against Defendant Town to stop any further discharge into its system. The parties then cross-filed a motion to dismiss by Defendant Town and for judgment on the pleadings by Plaintiff County.
 

 On October 7, 2016, a motions hearing was held in Union County Superior Court. Three orders were entered as a result of the hearing. First, on October 10, the trial court entered a preliminary injunction order requiring the Defendant Town to cease discharging sewage into the system. This injunction order was previously appealed, but
 
 *804
 
 the parties entered into a consent order causing that appeal to be moot and it was therefore dismissed. Then, on October 24, the trial court entered an order on the Plaintiff County's motion for judgment on the pleadings. In this order, the trial court granted in part and denied in part the motion, dismissing the Defendant Town's counterclaims for constructive and resulting trust and those labeled "Exclusive Emoluments" and "Clean Water Act." Finally, on October 27, the trial court entered an order granting in part and denying in part the Defendant Town's motion to dismiss, allowing a breach of contract claim to continue, but dismissing a separate breach claim and an unjust enrichment claim. It is from these last two orders that Defendant Town appeals.
 

 Analysis: Grounds for Appellate Review
 

 "The appeals process is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the
 
 *444
 
 whole case for determination in a single appeal from the final judgment."
 
 Stanford v. Paris
 
 ,
 
 364 N.C. 306
 
 , 311,
 
 698 S.E.2d 37
 
 , 40 (2010) (citation and quotation marks omitted).
 

 North Carolina General Statutes Sections 1-277 and 7A-27 provide "that no appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment."
 
 Consumers Power v. Power Co.
 
 ,
 
 285 N.C. 434
 
 , 437,
 
 206 S.E.2d 178
 
 , 181 (1974) (citations omitted). "An appeal is interlocutory when noticed from an order entered during the pendency of an action, which does not dispose of the entire case and where the trial court must take further action in order to finally determine the rights of all parties involved in the controversy."
 
 Peterson v. Dillman
 
 , --- N.C.App. ----, ----,
 
 782 S.E.2d 362
 
 , 365 (2016) (citation omitted). "Accordingly, interlocutory appeals are discouraged except in limited circumstances."
 
 Stanford
 
 ,
 
 364 N.C. at 311
 
 ,
 
 698 S.E.2d at 40
 
 (citations omitted).
 

 The appealing party bears the burden of demonstrating that the order from which he or she seeks to appeal is appealable despite its interlocutory nature. Thus, the extent to which an appellant is entitled to immediate interlocutory review of the merits of his or her claims depends upon his or her establishing that the trial court's order deprives the appellant of a right that will be jeopardized absent review prior to final judgment.
 

 Richmond Cnty. Bd. of Educ. v. Cowell
 
 ,
 
 225 N.C.App. 583
 
 , 585,
 
 739 S.E.2d 566
 
 , 568,
 
 disc. review denied
 
 ,
 
 367 N.C. 215
 
 ,
 
 747 S.E.2d 553
 
 (2013) (citations and quotation marks omitted). "[T]he appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits."
 
 Jeffreys v. Raleigh Oaks Joint Venture
 
 ,
 
 115 N.C.App. 377
 
 , 380,
 
 444 S.E.2d 252
 
 , 254 (1994) (citations omitted).
 

 This requirement that appellant establish a right to review is codified in our Appellate Rules. Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure requires that an appellant's brief include,
 
 inter alia
 
 :
 

 A statement of the grounds for appellate review
 
 . Such statement shall include citation of the statute or statutes permitting appellate review.... When an appeal is interlocutory, the statement must contain sufficient facts
 
 *445
 
 and argument to support appellate review on the ground that the challenged order affects a substantial right.
 

 N.C.R. App. P. 28(b)(4) (2017).
 

 As grounds for appellate review of the first order dismissing some, but not all, of Plaintiff County's claims pursuant to Rules 12(b)(1), (2), and (6) of the North Carolina Rules of Civil Procedure, Defendant Town asserts that the trial court erred in not dismissing Plaintiff County's remaining tort claims because governmental immunity shields it from liability. Generally, "[u]nder the doctrine of governmental immunity, a county or municipal corporation is immune from suit for the [torts committed by] its employees in the exercise of governmental functions absent waiver of immunity."
 

 *805
 

 Estate of Williams v. Pasquotank Cnty. Parks & Recreation Dep't
 
 ,
 
 366 N.C. 195
 
 , 198,
 
 732 S.E.2d 137
 
 , 140 (2012) (citations and quotation marks omitted).
 

 However, governmental immunity has limits, and it is inapplicable here as a defense to the tort claims asserted by Plaintiff County.
 

 Governmental immunity covers only the acts of a municipality or a municipal corporation committed pursuant to its governmental functions. Governmental immunity does not, however, apply when the municipality engages in a proprietary function. In determining whether an entity is entitled to governmental immunity, the result therefore turns on whether the alleged tortious conduct of the county or municipality arose from an activity that was governmental or proprietary in nature.
 

 We have long held that a "governmental" function is an activity that is discretionary, political, legislative, or public in nature and performed for the public good in behalf of the State rather than for itself. A "proprietary" function, on the other hand, is one that is commercial or chiefly for the private advantage of the compact community.
 

 Id
 
 . at 199,
 
 732 S.E.2d at 141
 
 (citations, emphasis, quotation marks, and brackets omitted).
 

 "The law is clear in holding that the operation and maintenance of a sewer system is a proprietary function where the municipality sets rates and charges fees for the maintenance of sewer lines."
 
 Harrison v. City of Sanford
 
 ,
 
 177 N.C.App. 116
 
 , 121,
 
 627 S.E.2d 672
 
 , 676,
 
 disc. review denied
 
 , --- N.C. ----,
 
 639 S.E.2d 649
 
 (2006) (citations omitted).
 
 See also
 

 *446
 

 Bostic Packaging, Inc. v. City of Monroe
 
 ,
 
 149 N.C.App. 825
 
 , 829,
 
 562 S.E.2d 75
 
 , 79,
 
 disc. review denied
 
 ,
 
 355 N.C. 747
 
 ,
 
 565 S.E.2d 192
 
 (2002) (in reversing summary judgment of claims dismissed on governmental immunity grounds, we held "defendant [town] is not immune from tort liability in the operation and maintenance of its sewer system"). Regardless of the clarity of North Carolina law, Defendant Town herein appeals to have this Court apply governmental immunity to claims that arose out of the operation of its sewer system. We decline to do so, and Defendant Town is, thus, unable to establish grounds for our interlocutory review because governmental immunity does not apply. We therefore dismiss this portion of the appeal.
 

 Defendant Town's second argument on appeal is not grounded in governmental immunity, but rather addresses the order dismissing its counterclaims as affecting its substantial right to avoid inconsistent verdicts. In attempting to establish grounds for our review of the second order, which ruled on Plaintiff County's motion for judgment on the pleadings pursuant to Rules 12(c) and (h)(2) of the North Carolina Rules of Civil Procedure, Defendant Town makes a circular argument. Defendant Town asserts that (1) the trial court erred in dismissing its counterclaims; (2) a successful appeal of the dismissal order based on the merits of the counterclaims could possibly create inconsistent verdicts; (3) the avoidance of inconsistent verdicts is a substantial right; (4) a substantial right establishes grounds for appellate review; and, therefore, (5) because there are grounds for appellate review, this Court should review the merits of the dismissed counterclaims.
 

 To support its argument that immediate appeal from an otherwise un-appealable interlocutory order is proper, Defendant Town only cites
 
 Hartman v. Walkertown Shopping Center
 
 , in which we stated that "[t]he right to avoid the possibility of two trials on the same issues can be a substantial right. A judgment which creates the possibility of inconsistent verdicts on the same issue-in the event an appeal eventually is successful-has been held to affect a substantial right."
 
 Hartman
 
 ,
 
 113 N.C.App. 632
 
 , 634,
 
 439 S.E.2d 787
 
 , 789,
 
 disc. review denied
 
 ,
 
 336 N.C. 780
 
 ,
 
 447 S.E.2d 422
 
 (1994) (citations, emphasis, brackets, and ellipses omitted). However, the order appealed from in
 
 Hartman
 
 could have had the effect of bifurcating adjudication of "identical factual claims" into distinct, and potentially inconsistent, resolutions for different defendants, although similarly situated.
 

 Id.
 

 Our facts differ, and
 
 Hartman
 
 is inapplicable.
 

 Although Defendant Town argues that, if its appeal is successful, there could be
 
 *806
 
 the potential for inconsistent verdicts on the issues
 
 *447
 
 here, it never explains how these inconsistent verdicts about which it complains could truly become realities. This Court will not construct appellant's arguments in support of a right to interlocutory appeal.
 
 Jeffreys
 
 ,
 
 115 N.C.App at 380
 
 ,
 
 444 S.E.2d at 254
 
 (citations omitted). This argument does not establish grounds for appellate review and we dismiss this portion of the appeal as well.
 

 Conclusion
 

 For the reasons given above, Defendant Town has not established grounds for appellate review for either challenged order. Therefore, this appeal is dismissed as interlocutory.
 

 DISMISSED.
 

 Judges ELMORE and INMAN concur.