An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1020

Filed 20 August 2025

Swain County, No. 22CVS000065-860

SHIRA L. HEDGEPETH and RONNIE C. HEDGEPETH, Plaintiffs,

v.

SMOKY MOUNTAIN COUNTRY CLUB PROPERTY OWNERS ASSOCIATION, INC., a North Carolina Corporation, Defendant.

Appeal by plaintiffs from order entered 10 July 2024 by Judge Steve Warren in Swain County Circuit Court. Heard in the Court of Appeals 21 May 2025.

> *BA FOLK, PLLC, by J. Denton Adams, for plaintiffs-appellants.*
>
> *RAYBURN COOPER & DURHAM, PA, by Ashley B. Oldfield and Ross R. Fulton, and David A. Sawyer, for defendant-appellee.*

GORE, Judge.

Plaintiffs-appellants Shira L. Hedgepeth and Ronnie C. Hedgepeth appeal the summary judgment entered in favor of defendant. Specifically, plaintiffs argue the trial court erred by granting summary judgment on the basis of *res judicata* and collateral estoppel. Upon review of the briefs and the record, we affirm.

**I.**

The underlying facts of this case are available in previous opinions written by

HEDGEPETH V. SMOKY MOUNTAIN COUNTRY CLUB PROP. OWNERS ASS'N, INC.

*Opinion of the Court*

this Court. *See In re Hedgepeth*, 291 N.C. App. 309 (2023), *appeal dismissed, review denied,* 898 S.E.2d 312 (N.C. 2024) (unpublished); *Hedgepeth v. Smoky Mountain Country Club Prop. Owners Ass'n, Inc.*, 288 N.C. App. 637 (2023) (unpublished). For purposes of this appeal, we discuss the legal actions taken by plaintiffs and defendant. Plaintiffs filed the present action and later an amended complaint after the trial court denied their motion for summary judgment and denied defendant's motion to dismiss. Plaintiffs' amended complaint raised the following causes of action: declaratory judgment, quiet title, and slander of title.

On 8 August 2022, defendant initiated a foreclosure proceeding (22 SP 33, "Foreclosure action") on the claim of lien levied against plaintiffs and attached to their property. Plaintiffs moved to consolidate the present action with the Foreclosure action and to stay the foreclosure until the present action was determined, but the trial court denied the motions citing a lack of jurisdiction in the Foreclosure action to entertain these motions. The clerk of court entered an Order Allowing Foreclosure, and plaintiffs appealed to the Superior Court, Swain County. After a de novo hearing, the superior court entered an Order Allowing Foreclosure Sale.

Plaintiffs filed an injunction action (22 CVS 272, "Injunction action") soon after to enjoin the foreclosure sale and obtain a declaratory judgment that defendant lacked the authority to levy the legal fees against plaintiffs. Defendant moved to dismiss the Injunction action under Rule 12(b)(6); the trial court granted the motion

HEDGEPETH V. SMOKY MOUNTAIN COUNTRY CLUB PROP. OWNERS ASS'N, INC.

*Opinion of the Court*

by dismissing the Injunction action with prejudice. Plaintiffs appealed the dismissal of the Injunction action and the Foreclosure action to this Court; the trial court stayed the present action while the Injunction action and Foreclosure action were appealed. This Court dismissed plaintiffs' Injunction action for untimeliness of appeal and denied the petition for writ of certiorari. We affirmed the trial court's order in the Foreclosure action. Plaintiffs sought discretionary review and writs of supersedeas from the North Carolina Supreme Court for both cases, but the Court dismissed the appeals after it denied the petitions and writs.

The trial court lifted the stay and set a hearing date for the present action. Defendant moved for summary judgment on the basis of *res judicata* and collateral estoppel with a memorandum in support and an affidavit by Ashley Oldfield. Plaintiffs filed a memorandum in opposition to the motion and submitted an affidavit by Brian Edlin, which opined this Court erred in its decision to affirm the trial court's Order Allowing Foreclosure. The trial court heard the motion and ultimately granted summary judgment in favor of defendant. Plaintiffs timely appealed the final order.

**II.**

Plaintiffs appeal of right pursuant to N.C.G.S. § 7A-27(b)(1). Plaintiffs argue the trial court erred by granting summary judgment in favor of defendant on the grounds of *res judicata* and collateral estoppel. Specifically, plaintiffs argue the present action differs from the limited review in the previous Foreclosure action but admits there was a similarity of issues presented in the present action and the

HEDGEPETH V. SMOKY MOUNTAIN COUNTRY CLUB PROP. OWNERS ASS'N, INC.

*Opinion of the Court*

Injunction action. Additionally, plaintiffs argue summary judgment denied them their constitutional right to "full due process," and that the Ashley Oldfield affidavit was deficient.

We review challenges to summary judgment de novo. *In re Will of Jones*, 362 N.C. 569, 573 (2008). Summary judgment "is appropriate only when the record shows that there is no genuine issue of material fact and that any party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks and citation omitted). "The trial court may not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact. Moreover, all inferences of fact must be drawn against the movant and in favor of the party opposing the motion." *Forbis v. Neal*, 361 N.C. 519, 524 (2007) (cleaned up).

Plaintiffs argue the present action and the Foreclosure action differ and should not be adjudicated under these defenses. Plaintiffs do not argue there are any genuine issues of material fact. Whereas defendant argues the issues raised in the present action were previously raised not only in the Foreclosure action but also in the Injunction action. We begin by reviewing whether the doctrine of *res judicata* bars the present action based on the previously decided Injunction action because such a determination would be dispositive to the remaining arguments on appeal.

In their reply brief, plaintiffs acknowledge the similarity of issues in the present action and the Injunction action. Plaintiffs admit they "mentioned" the issue of defendant's legal authority to determine plaintiffs' negligence and acts of

HEDGEPETH v. SMOKY MOUNTAIN COUNTRY CLUB PROP. OWNERS ASS'N, INC.

*Opinion of the Court*

misconduct in other briefs, including the Injunction action, but argue this issue was not directly determined. Plaintiffs also admit the Injunction action "sought to enjoin the foreclosure and was a proper means of asserting equitable defenses that could not be raised" in the Foreclosure action.

To successfully assert the doctrine of *res judicata*, parties must demonstrate the following: "(1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits." *ACC Constr. Inc. v. SunTrust Mortg., Inc.*, 239 N.C. App. 252, 262 (2015).

> A party is required to bring forth the whole case at one time and will not be permitted to split the claim or divide the grounds of recovery; thus, a party will not be permitted, except in special circumstances, to reopen the subject of the . . . litigation with respect to matters which might have been brought forward in the previous proceeding.

*Rodgers Builders, Inc. v. McQueen*, 76 N.C. App. 16, 23 (1985). "Subsequent actions which attempt to proceed by asserting a new legal theory or by seeking a different remedy are prohibited under the principles of *res judicata*." *Bockweg v. Anderson*, 333 N.C. 486, 494 (1993) (reasoning against a determination of *res judicata* because the plaintiffs were not "merely chang[ing] their legal theory or seek[ing] a different remedy, [but instead were] seeking a remedy for a separate and distinct negligent act leading to a separate and distinct injury").

Plaintiffs assert there are distinctions in the issues raised between the present

HEDGEPETH V. SMOKY MOUNTAIN COUNTRY CLUB PROP. OWNERS ASS'N, INC.

*Opinion of the Court*

action and the Foreclosure action but admit the Injunction action had similarities with the present action. The parties do not contest that the same parties or parties in privy involved in the present action were involved in both the Injunction action and the Foreclosure action. Therefore, we limit review to the remaining elements for *res judicata*: the causes of action raised or available in the Injunction action, and whether there was a prior final judgment on the merits.

In the Injunction action, plaintiffs sought the following relief through a declaratory action and injunction:

1. That the [Foreclosure] action, 22 SP 33 be dismissed with prejudice.

2. That the [c]ourt declare that Defendants did not have the authority [pursuant to] N.C.G.S. § 47F-3-115(e) of the Planned Community Act to levy the $69,123 assessment.

3. That a preliminary injunction pursuant to Rule 65(b) of the North Carolina Rules of Civil Procedure be issued as quickly as possible, and that the injunction forbid the Defendants from proceeding with any foreclosure sale of the Plaintiff's Property until this cause is heard on its motions and all appeal[s] are exhausted.

4. The Trustee be permanently enjoined from foreclosing the Plaintiffs' property.

5. That the Plaintiffs have a trial by jury.

6. That the [c]ourt determine if the Plaintiffs owe any assessment to the Defendants.

7. That Plaintiffs have a complete accounting of all payments for legal fees made by SMCCPOA and all assessments of legal fees from association members.

HEDGEPETH V. SMOKY MOUNTAIN COUNTRY CLUB PROP. OWNERS ASS'N, INC.

*Opinion of the Court*

Plaintiffs admit the injunction was a cause of action to raise equitable defenses to prevent foreclosure. Plaintiffs state the present action is essentially a request for "court review of the proceeding under which [plaintiffs] were deemed negligent by [defendant]." Plaintiffs sought the following relief in the present action through declaratory judgment, quiet title and slander of title causes of action:

1. The [c]ourt enter a [declaration] that SMCCPOA acted beyond its scope in setting up its own tribunal and the assessments arising from the actions of SMCCPOA are null and void.

2. The [c]ourt enter a [declaration] that SMCCPOA Board of Directors acted beyond their scope of duty in setting up the tribunal, participating in the hearing, and assessing legal fees against Hedgepeths and Youngs.

3. The [c]ourt enter a [declaration] that SMCCPOA filing a claim of lien against the Hedgepeths only is a retaliatory act against the Hedgepeths.

4. The [c]ourt enter an order removing the claim of lien from the real property of the Hedgepeths.

5. The [c]ourt award damages for slander of title.

The facts in the Injunction action were nearly identical to the present action. The only factual distinctions that we are aware of between the present action and the Injunction action were the initiation of the foreclosure proceedings for the underlying lien and the outcome of the Foreclosure action.

> The plea of *res judicata* applies not only to the points upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject in litigation and which the parties, exercising reasonable diligence, might

HEDGEPETH V. SMOKY MOUNTAIN COUNTRY CLUB PROP. OWNERS ASS'N, INC.

*Opinion of the Court*

> have brought forward at the time and determined respecting it.

*Williams v. Peabody*, 217 N.C. App. 1, 7 (2011) (cleaned up). Having reviewed both the present action and the Injunction action, "we believe plaintiffs' claims in the present lawsuit are claims which plaintiffs, exercising reasonable diligence, might have brought forward at the time of [a previous] lawsuit." *Id.* at 8 (cleaned up). Next, we consider whether the Injunction action was a final judgment decided on the merits.

The Injunction action was dismissed with prejudice when the trial court granted defendant's Rule 12(b)(6) motion. "A dismissal under Rule 12(b)(6) operates as an adjudication on the merits unless the court specifies that the dismissal is without prejudice." *Hoots v. Pryor*, 106 N.C. App. 397, 404 (1992). Therefore, the dismissal of the Injunction action was a final judgment on the merits. Accordingly, in line with precedent, plaintiffs were required to bring the whole case at one time, and there being no special circumstances brought to the court's attention for not doing so, are barred by *res judicata*. Therefore, we determine the trial court did not err by granting summary judgment in favor of defendants. Because the doctrine of *res judicata* is dispositive, we do not consider the additional issues on appeal.

**III.**

For the foregoing reasons, we affirm the trial court's order granting summary judgment.

HEDGEPETH V. SMOKY MOUNTAIN COUNTRY CLUB PROP. OWNERS ASS'N, INC.

*Opinion of the Court*

AFFIRMED.

Judges ZACHARY and FREEMAN concur.

Report per Rule 30(e).