ESTATE OF BERNARD HARVEY, BY AND THROUGH LILLY "LUCY" MAE HARVEY, ADMINISTRATRIX OF THE ESTATE OF BERNARD HARVEY, PLAINTIFF v. KORE-KUT, INC. AND JERRY W. McLEAN, II, DEFENDANT

No. COA05-1492

(Filed 7 November 2006)

## 1. Appeal and Error— appealability—motion to dismiss or strike defense—possibility of different verdicts

An appeal from an order granting a motion to strike or dismiss the defense of the employer's negligence in a negligence case involving a subcontractor was interlocutory but affected a substantial right. Without an appeal, juries in different trials could reach different resolutions of the same issue.

2. **Workers' Compensation— settlement and waiver of subrogation by employer—action against subcontractor—motion to dismiss defense of employer's negligence**

In an action by the estate of a deceased employee against a subcontractor whose negligence allegedly caused the employee's death, the trial court erred by allowing plaintiff's motion to strike defendant's defense of intervening and insulating negligence by the employer, which had paid workers' compensation benefits to the estate for the employee's death and purportedly waived its subrogation rights, because a jury finding that the employer's negligence contributed to the employee's death would entitle defendant subcontractor to a reduction in its damages in the amount of the workers' compensation death benefits paid by the employer to the employee's estate. N.C.G.S. § 97-10.2.

Appeal by defendants from order entered 29 August 2005 by Judge Cy A. Grant in Halifax County Superior Court. Heard in the Court of Appeals 14 August 2006.

*Jones, Martin, Parris & Tessner, PLLC, by G. Christopher Olson, for plaintiff appellee.*

*Teague, Campbell, Dennis & Gorham, LLP, by J. Matthew Little and Matthew W. Skidmore, for employer-appellee.*

*Cranfill, Sumner & Hartzog, LLP, by William W. Pollock and Jennifer A. Addleton, for defendant appellant.*

McCULLOUGH, Judge.

Defendants, Kore-Kut, Inc. ("Kore-Kut") and Jerry McLean, appeal from the entry of an order granting plaintiff's motion to strike or dismiss the defense of employer-appellee SCI Corporation's ("SCI"), negligence pled in defendants' answer. We reverse and remand.

This appeal arises from a suit filed against a third party, Kore-Kut and its employee, subsequent to a settlement entered into pursuant to the Workers' Compensation Act between the estate of Bernard Harvey and the joint employers of the deceased, SCI and Sanford Contractors, Incorporated. The basis of the suit against Kore-Kut and Jerry McLean is that their negligence was the direct and proximate cause of Bernard Harvey's death. Defendants, who were employed as subcontractors of SCI at the time of the alleged negli-

ESTATE OF HARVEY v. KORE-KUT, INC.

[180 N.C. App. 195 (2006)]

gence, filed an answer in response to the complaint alleging as a defense the intervening and insulating negligence of Bernard Harvey's employer, SCI. SCI filed a motion to strike or dismiss the defense of its negligence which was granted by the trial judge and the parties appeal therefrom.

## FACTS

On 19 December 2003, Bernard Harvey was employed by SCI and was involved in a construction project in Sanford, North Carolina, removing the Burns Drive bridge. Defendant Kore-Kut was subcontracted to perform certain concrete cutting tasks, and pursuant to such subcontract sent a concrete cutting saw and operator, Jerry McLean, to the construction site. On the day of 19 December 2003, Jerry McLean was operating the concrete cutting saw and was making certain cuts to concrete slabs on the bridge in order to enable the employees of SCI to place certain support beams underneath each concrete slab for removal. After the cuts were made to the concrete slabs, Bernard Harvey walked underneath the bridge to prepare to attach the support beams at which time the concrete slab to be removed suddenly collapsed, striking Mr. Harvey and causing his death.

Pursuant to the North Carolina Worker's Compensation Act, the estate of Bernard Harvey and SCI entered into a final settlement agreement and release approved by the Industrial Commission providing the amount of compensation to be made to the estate for the work-related death. The agreement provided that SCI would compensate Lillie Mae Harvey, mother of decedent, in the lump sum amount of $83,008.78 and Sandra H. Wright, decedent's alleged common law wife, in the lump sum amount of $9,283.96 for the death of Bernard Harvey, totaling $92,292.74. The agreement further provided that SCI would waive their subrogation lien against any third-party recovery.

The parties, Lillie Mae Harvey, Sandra Wright, and SCI thereafter entered into another agreement which provided that in consideration of the agreement to waive the subrogation lien, Lillie Mae Harvey agrees to pay defendant insurer the amount of $12,500.00 from any recovery resulting from a third-party claim arising out of the accident on 19 December 2003, which caused the death of Bernard Harvey. Within this agreement, the joint employers and their insurer agreed to fully cooperate in the prosecution of a third-party claim and stated that such promise of cooperation was part of the basis of the bargain.

On 8 February 2005, the estate of Bernard Harvey filed a complaint against third-party subcontractors, Kore-Kut, and its employee Jerry McLean, stating claims under the theories of negligence, respondeat superior, and negligent training and supervision. In answering the complaint, Kore-Kut and Jerry McLean asserted the defense of the intervening and insulating negligence of the employer, SCI. On 25 May 2005, SCI filed a motion to strike or dismiss the asserted defense of SCI's negligence pursuant to the terms of the settlement agreement in which SCI thereby waived all rights to a subrogation lien in such action. The trial court granted SCI's motion to strike or dismiss the asserted defense on 29 August 2005.

Defendants now appeal.

## ANALYSIS

Defendants contend on appeal that the trial court erred in granting SCI's motion to dismiss or strike defendants' pleaded defense of SCI's negligence. We agree.

### Interlocutory Appeal

[1] We first address whether plaintiff's appeal is interlocutory. As a general rule, an appeal will not lie until a disposition or judgment on the issues is rendered which is final in nature. *Romig v. Jefferson-Pilot Life Ins. Co.*, 132 N.C. App. 682, 684-85, 513 S.E.2d 598, 600, *disc. review denied, cert. denied, motion to dismiss allowed in part*, 350 N.C. 836, 539 S.E.2d 294 (1999), *aff'd*, 351 N.C. 349, 524 S.E.2d 804 (2000). However, a party may appeal an interlocutory order that "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950); *see also* N.C. Gen. Stat. § 1-277 (2005); N.C. Gen. Stat. § 7A-27(d)(1) (2005). Thus, the instant appeal from the interlocutory order granting the motion to dismiss or strike the defense of intervening negligence is proper if it affects the substantial rights of the parties.

Where the dismissal of an appeal as interlocutory could result in two different trials on the same issues, creating the possibility of inconsistent verdicts, a substantial right is prejudiced and therefore such dismissal is immediately appealable. *See Hartman v. Walkertown Shopping Center*, 113 N.C. App. 632, 439 S.E.2d 787, *disc. review denied*, 336 N.C. 780, 447 S.E.2d 422 (1994). In the instant case, defendants pled the insulating and intervening negli-

gence of the third party, SCI, as a defense to the action. N.C. Gen. Stat. § 97-10.2(e) provides in pertinent part:

> If the third party defending such proceeding, by answer duly served on the employer, sufficiently alleges that actionable negligence of the employer joined and concurred with the negligence of the third party in producing the injury or death, then an issue shall be submitted to the jury in such case as to whether actionable negligence of employer joined and concurred with the negligence of the third party in producing the injury or death. . . . If the verdict shall be that actionable negligence of the employer did join and concur with that of the third party in producing the injury or death, then the court shall reduce the damages awarded by the jury against the third party by the amount which the employer would otherwise be entitled to receive therefrom by way of subrogation hereunder and the entire amount recovered, after such reduction, shall belong to the employee or his personal representative free of any claim by the employer and the third party shall have no further right by way of contribution or otherwise against the employer, except any right which may exist by reason of an express contract of indemnity between the employer and the third party, which was entered into prior to the injury of the employee.

N.C. Gen. Stat. § 97-10.2(e) (2005). Were this Court to dismiss the appeal before us as interlocutory, there is certainly a possibility of inconsistent jury verdicts as to the issue of negligence on the part of the employer, SCI. Denial of appeal from the motion to strike or dismiss the defense of the employer's negligence could result in two juries in separate trials reaching different resolutions of this same issue if subsequent trial on the merits and appeal were successful. Therefore, a substantial right is affected and the appeal from such order shall be granted.

### Motion to dismiss/strike negligence defense

[2] We next address the issue of whether the trial court properly granted SCI's motion to strike or dismiss defendant's defense of intervening and insulating negligence.

The question before this Court today is whether an employer can waive its right to subrogation in a settlement with the deceased employee's estate before the Industrial Commission, thereby eliminating the third party's statutory right to a determination of the em-

ployer's negligence and the entitlement to a deduction of damages resulting therefrom.

N.C. Gen. Stat. 97-10.2 provides for the rights of an employee or the estate of a deceased employee to bring suit against a third party when the injury or death of the employee is "caused under circumstances creating a liability in some person other than the employer[.]" N.C. Gen. Stat. § 97-10.2(a).

Chapter 97, Section 10.2 further allows a defendant in an action by an employee against a third party to plead as a defense the contributing negligence of the employer, to admit evidence of the amount of compensation and benefits paid by the employer, and requires an instruction to the jury that the amount paid by the employer will be deducted from any amount of damages awarded to the plaintiff. The statute further requires that if the jury finds actionable negligence on the part of the employer, "then the court shall reduce the damages awarded by the jury against the third party **by the amount which the employer would otherwise be entitled to receive therefrom by way of subrogation**[.]" N.C. Gen. Stat. § 97-10.2(e) (emphasis added).

Previous cases interpreting the intent of N.C. Gen. Stat. § 97-10.2(e) looked to prior case history before the enaction and gleaned that the statute was a mere codification of the Supreme Court's ruling in *Brown v. R.R.*, 204 N.C. 668, 169 S.E. 419 (1933). The Court stated that where an employer seeks to recover from a third-party tortfeasor the amount of workers' compensation benefits paid by the employer to its employee, the third party may raise the employer's contributory negligence in causing the employee's injury as a defense to the employer's action. *Leonard v. Johns-Manville Sales Corp.*, 309 N.C. 91, 305 S.E.2d 528 (1983). The case further states that this enumeration stems from the articulated policy of our courts disfavoring any allowance of recovery by the employer where the employer's acts joined with the acts of the third party to cause the employee's injury. *Id.; see also Geiger v. Guilford Coll. Cmty. Volunteer Firemen's Ass'n*, 668 F. Supp. 492, 496 (M.D.N.C. 1987).

Further, previous case law interpreting the statute has stated that "[i]t is clear from the provisions of N.C.G.S. § 97-10.2 . . . that it was and is the intent of the legislature that the non-negligent employers are to be reimbursed for those amounts they pay to employees who are injured by the negligence of third parties, and that employees are not intended to receive double recoveries." *Johnson v. Southern*

*Industrial Constructors*, 347 N.C. 530, 538, 495 S.E.2d 356, 360-61 (1998); *see also Radzisz v. Harley Davidson of Metrolina*, 346 N.C. 84, 89, 484 S.E.2d 566, 569 (1997) (stating that "the [Workers' Compensation] Act in general and N.C.G.S. § 97-10.2 specifically were never intended to provide the employee with a windfall of a recovery from both the employer and the third-party tort-feasor").

In the instant case, SCI paid plaintiff a total of $92,292.74 in settlement for Bernard Harvey's workers' compensation claim flowing from the injury causing his death. Had SCI not waived its right to subrogation, $92,292.74 is the amount in which SCI would acquire a lien on any recovery by plaintiff from defendant Kore-Kut. SCI has attempted to evade a determination of negligence and possible forfeiture of certain monies by waiving this statutory right to subrogation.

To allow such a practice within the well-delineated guidelines of the interaction between the courts of general justice and the Workers' Compensation Act would be a disservice. Kore-Kut as the third party, has a right to a jury determination as to whether the negligence of SCI joined with the negligence of Kore-Kut and its employees in causing the death of Mr. Harvey. In turn, if the jury finds that SCI's wrongdoing did contribute to the injury, then Kore-Kut is entitled to a reduction of its damages in the amount of $92,292.74, that which the employer would have otherwise been entitled to receive by way of subrogation so long as the jury did not find SCI negligent, but for SCI's waiver of its rights.

Thus, if the jury finds actionable negligence on the part of SCI as well as third-party Kore-Kut, Kore-Kut would be entitled to a potential reduction in its damages up to the amount of $92,292.74. To find otherwise would impermissibly allow plaintiff and SCI to contractually shift SCI's obligation to Kore-Kut as established under the Workers' Compensation Act. This Court will not allow any device, whether it be contract or agreement, written or implied, to relieve an employer of an obligation statutorily set forth in the Workers' Compensation Act. *See* N.C. Gen. Stat. § 97-6 (2005).

Accordingly, the trial court improperly granted the motion to dismiss or strike the defense of the intervening and insulating negligence of SCI, and therefore the case must be remanded for a trial on the merits and a jury determination as to the allocation of negligence among the parties. Further, if a jury determines that SCI's negligence contributed to the death of Mr. Harvey, then Kore-Kut and its em-

ployee are entitled to a reduction of damages in the amount which SCI paid plaintiff as settlement for the injuries to Mr. Harvey resulting in death, $92,292.74.

Reversed and remanded.

Chief Judge MARTIN and Judge HUNTER concur.