**PENDER v. LAMBERT**

[225 N.C. App. 390 (2013)]

WENDY SUE PENDER, Executrix of The Estate of
ROCHELLE BOSWELL PENDER, Plaintiff
v.
JOSHUA MAX LAMBERT, SEAN RESPASS; WAL-MART STORES EAST, LP,
WAL-MART STORES, INC., and WAL-MART ASSOCIATES, INC., Defendants

No. COA12-714

Filed 5 February 2013

**1. Appeal and Error—interlocutory orders—workers' compensation—exclusivity provisions—substantial right**

　　Plaintiff's appeal from the trial court's interlocutory order granting summary judgment to defendants in a wrongful death action was immediately appealable where defendants asserted immunity under the Worker's Compensation Act.

**2. Wrongful Death——Workers' Compensation Act—exclusivity provisions—Woodson exception—inapplicable**

　　The trial court did not err in a wrongful death action by granting defendant Wal-Mart Associates' motion to dismiss. The record did not reflect any employer misconduct and the *Woodson* exception to the exclusivity provisions of the Workers' Compensation Act was inapplicable.

**3. Wrongful Death—Workers' Compensation Act—exclusivity provisions—Pleasant exception—inapplicable**

　　The trial court did not err in a wrongful death action by granting defendants' motion to dismiss. The *Pleasant* exception to the exclusivity provisions of the Workers' Compensation Act did not apply where defendant Respass' conduct did not rise to the level of willful, wanton, or reckless behavior.

**4. Wrongful Death—Workers' Compensation Act—exclusivity provisions—employers protected**

　　The trial court did not err in finding that defendants Wal-Mart East and Wal-Mart Stores Inc. were protected by the exclusivity of remedy provision contained within the Workers' Compensation Act. East and Stores Inc. directly manage and supervise employees hired by Wal-Mart Associates and thus are afforded protection under the Act.

Appeal by plaintiff from orders entered 23 February 2012 and 27 February 2012 by Judge Clifton W. Everett, Jr. in Wilson County Superior Court. Heard in the Court of Appeals 27 November 2012.

*Earl Taylor, Jr., for plaintiff.*

*Brown, Crump, Vanore & Tierney, LLP, by Michael W. Washburn, for defendant.*

*Newton & Lee, PLLC, by E.S. "Buck" Newton, III, for defendant.*

ELMORE, Judge.

On 7 July 2011, Wendy Sue Pender (plaintiff), executrix of the estate of Rochelle Boswell Pender (the decedent), initiated this wrongful death action against Joshua Lambert (Lambert) and Sean Respass (Respass) as individuals. Additionally, plaintiff brought suit against Wal-Mart Stores East, LP (East); Wal-Mart Stores, Inc. (Stores Inc.), and Wal-Mart Associates, Inc. (Wal-Mart Associates), collectively referred to as "the Wal-Mart defendants." The Wal-Mart defendants and Respass filed separate motions for summary judgment, which were granted. Plaintiff now appeals. After careful consideration, we affirm.

## I. Background

The decedent and Respass were hired by Wal-Mart Associates, the company responsible for employing all Wal-Mart associates, to work at a Wilson, North Carolina Wal-Mart. On 18 May 2011, both employees reported to work. Respass was employed as a loss prevention associate; his duties included the detection and apprehension of suspected shoplifters. Respass testified that all loss prevention associates were expected to reach a goal or "quota" of eight apprehensions per month. This "quota" was not provided for in a written policy but communicated to him by his supervisor. Failure to meet the purported quota could result in verbal warnings or transfer to a different department. Additionally, Wal-Mart implemented a written policy requiring all loss prevention associates to (1) never chase a shoplifter more than ten feet (no-chase policy) and (2) to never engage in a physical confrontation with a customer or shoplifter. The purpose of said policy was to ensure the safety of all persons on Wal-Mart's premises.

During his shift, Respass suspected Lambert of shoplifting and asked Lambert to follow him to the back of the store for further inves-

tigation. Lambert agreed. Once they reached the back, Lambert turned and sprinted toward the entrance. Respass proceeded to chase Lambert, thus violating the no-chase policy. As the two neared the entrance, they collided with the decedent, a Wal-Mart greeter, knocking her to the floor. As a result of the collision, the decedent sustained a fatal head injury. Thereafter, Wal-Mart Associates terminated Respass for violating its no-chase policy.

## II. Arguments

### A. Interlocutory Order

**[1]** Plaintiff acknowledges that this appeal stems from an interlocutory order. However, plaintiff maintains that this appeal is properly before this Court as the trial court's order granting the Wal-Mart defendants' and Respass' motions for summary judgment affects a substantial right.

An interlocutory order is immediately appealable when "the challenged order affects a substantial right." N.C.R. App. P. 28(b)(4) (2012). "Whether an interlocutory appeal affects a substantial right is determined on a case by case basis." *McConnell v. McConnell*, 151 N.C. App. 622, 625, 566 S.E.2d 801, 803 (2002) (citation omitted). "The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate *why* the order affects a substantial right." *Hoke Cty. Bd. Of Educ. v. State*, 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516 (2009) (citation omitted) (emphasis in original). "Where the dismissal of an appeal as interlocutory could result in two different trials on the same issues, creating the possibility of inconsistent verdicts, a substantial right is prejudiced and therefore such dismissal is immediately appealable." *Estate of Harvey v. Kore-Kut, Inc.*, 180 N.C. App. 195, 198, 636 S.E.2d 210, 212 (2006).

In the instant case, plaintiff contends that there is a possibility of inconsistent verdicts as to the parties' liability if this appeal is delayed. Plaintiff cites *Burton v. Phoenix Fabricators & Erectors, Inc.*, where our Supreme Court held that the trial court's denial of a defendant-employer's motion to dismiss based on asserted immunity under the Worker's Compensation Act "affects a substantial right and will work injury if not corrected before final judgment." 362 N.C. 352, 352, 661 S.E.2d 242, 242-43 (2008). Here, the Wal-Mart defendants and Respass brought separate motions for summary judgment, each asserting immunity under the North Carolina Workers' Compensation Act (the Act). Additionally, on appeal defendants have raised the

defense of the exclusivity of remedy provision. Should the issue of their liability be tried separately, there is the possibility of inconsistent verdicts. Accordingly, we conclude the trial court's orders in the case *sub judice* affect a substantial right and the appeal is properly before this Court.

## B. Wal-Mart Associates' Motion for Summary Judgment

[2] Plaintiff first argues that there was sufficient evidence to establish a genuine issue of material fact as to Wal-Mart Associates' liability. We disagree.

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

The purpose of the Act is to provide limited benefits to an employee who is injured during the course of his employment regardless of negligence or other fault on the part of the employer. It also serves to limit the liability of the employer if negligence is found. *See Bryant v. Dougherty*, 267 N.C. 545, 549, 148 S.E.2d 548, 553 (1966). The Act contains an exclusivity of remedy provision which provides that

> [i]f the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death.

N.C. Gen. Stat. § 97-10.1 (2012).

In *Woodson v. Rowland* our Supreme Court recognized an exception to the general exclusivity provisions of the Act whereby an employee may pursue a civil action against his employer if the employer "intentionally engage[d] in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct." (the *Woodson* exception). 329 N.C. 330, 340, 407 S.E.2d 222, 228 (1991).

We note that "[t]he Woodson exception . . . applies only in the most egregious cases of employer misconduct. Such circumstances exist where there is uncontroverted evidence of the employer's intentional misconduct and where such misconduct is substantially certain to lead to the employee's serious injury or death." *Whitaker v. Town of Scotland Neck*, 357 N.C. 552, 557, 597 S.E.2d 665, 668 (2003). In determining whether *Woodson* is applicable, "[o]ur Courts have focused on the 'substantial certainty' aspect of the inquiry, not the 'serious injury' aspect of the inquiry." *Cameron v. Merisel, Inc.*, 163 N.C. App. 224, 230, 593 S.E.2d 416, 421 (2004).

Here, plaintiff argues that employer misconduct existed based on (1) the fact that Respass chased Lambert and (2) the implementation of Wal-Mart's quota system. Plaintiff specifically asserts that the quota system amounted to employer misconduct as it created an "incentive for Respass to engage in conduct (the chase) that was substantially certain to cause serious injury or death[.]"

We disagree with plaintiff. In *Woodson*, the defendant-employer intentionally disregarded known safety regulations and made the decedent-employee enter a dangerously deep trench. As such, the decedent was forced into an obviously hazardous situation where "only one outcome was substantially certain to follow: an injurious, if not fatal, cave-in of the trench." *Id.* at 557-58, 597 S.E.2d at 668.

Here, superimposed on top of the purported quota system, is Wal-Mart's no-chase policy. The fact that Wal-Mart Associates has implemented a no-chase policy evidences that it prioritizes the safety of its employees and customers. Wal-Mart Associates terminated Respass for violating this policy, further indicating its commitment to safety. Additionally, the record indicates that no prior injuries have resulted from the imposition of the quota system. As noted above, the *Woodson* exception applies only in the most egregious cases of employer misconduct. *Whitaker, supra.* However, here the record does not evidence any employer misconduct. Thus, the *Woodson* exception is inapplicable and the trial court did not err in granting Wal-Mart Associates' motion for summary judgment.

## C. *Pleasant* Exception

[3] Plaintiff argues that Wal-Mart Associates and Respass remain liable under *Pleasant v. Johnson*. We disagree.

A second exception to the exclusivity of remedy provision was recognized in *Pleasant v. Johnson*, whereby our Supreme Court held

that an injured employee may maintain an action against a co-employee for acts of willful, wanton, and reckless negligence. *See* 312 N.C. 710, 717, 325 S.E.2d 244, 250 (1985).

> The concept of willful, reckless and wanton negligence inhabits a twilight zone which exists somewhere between ordinary negligence and intentional injury. . . . We have described 'wanton' conduct as an act manifesting a reckless disregard for the rights and safety of others.' The term 'reckless', as used in this context, appears to be merely a synonym for 'wanton[.]'. . . '[W]illful negligence' has been defined as the intentional failure to carry out some duty imposed by law or contract which is necessary to the safety of the person or property to which it is owed.

312 N.C. at 714-15, 325 S.E.2d at 247-48.

Engaging in willful, wanton, and reckless behavior is akin to the commission of an intentional tort, and, as such, the employee must form the constructive intent to injure. *See Id.* at 717, 325 S.E.2d at 249. Such intent "exists where conduct threatens the safety of others and is so reckless or manifestly indifferent to the consequences that a finding of willfulness and wantonness equivalent in spirit to actual intent is justified." *Cameron*, 163 N.C. App. 224, 228, 593 S.E.2d 416, 420 (2004) (citation omitted). Alternatively, when an employee is injured by the ordinary negligence of a co-employee, the Act is the exclusive remedy. *See Pleasant* at 713, 325 S.E. 2d at 247.

Plaintiff first alleges that *employer* Wal-Mart Associates remains liable under *Pleasant* per the doctrine of respondeat superior. However, plaintiff cites no relevant supporting authority for this argument. Accordingly, we decline to address it.

Plaintiff next contends that Respass remains personally liable because he "carelessly, recklessly, and heedlessly" chased Lambert and "attempted to make a leaping, flying tackle" when apprehending him. However, we are not persuaded that Respass' conduct rose to the level of willful, wanton, or reckless behavior. Respass testified that (1) Lambert threw the decedent into his path, (2) he slowed his pace before coming into contact with the decedent, (3) he did not believe that his impact caused the decedent to fall, and (4) Lambert caused the fall. Moreover, the record indicates that Respass engaged in a foot-chase and accidentally collided with a co-employee; such

conduct does not evidence a reckless or manifest disregard for the consequences so as to warrant a finding of willfulness and wantonness equivalent in spirit to actual intent. *See Cameron, supra.* As such, we cannot hold that Respass formed the requisite constructive intent for the *Pleasant* exception to apply. Accordingly, we conclude that the trial court properly granted Respass' motion for summary judgment.

**D. Exclusive remedy and the Act.**

**[4]** Finally, plaintiff argues that the trial court erred in finding that East and Stores Inc. are protected by the exclusivity of remedy provision contained within the Act. We disagree.

Under the Act, "where an employee's injury or death is compensable the sole remedy against the employer and *'those conducting his business'* is that provided by its terms." *Weaver v. Bennett,* 259 N.C. 16, 20, 129 S.E.2d 610, 613 (1963) (quoting N.C. Gen. Stat. § 97-9) (emphasis added). "[T]hose conducting [the employer's] business" is a phrase which should be liberally construed. *See Hamby v. Profile Prods., L.L.C.,* 361 N.C. 630, 635, 652 S.E.2d 231, 234 (2007). "Previously, this Court has found certain individuals and entities, though distinct from the employer, still within the scope of the Act's exclusivity provision." *Id.* at 636, 652 S.E.2d at 235.

Plaintiff specifically argues that East and Stores Inc. are not afforded protection under the Act because neither is the decedent's employer. As such, plaintiff asserts that a common law negligence action remains against these two defendants under the agency principles set forth in the doctrine of respondent superior.

Plaintiff's argument is misguided and contradictory. First, plaintiff seeks a conclusion that these defendants are not subject to the Act because they are not the decedent's employers. Next, plaintiff asserts that East and Stores Inc. remain vicariously liable for the negligent acts of their agent.

In any event, we conclude that both East and Stores Inc. are subject to the exclusivity of remedy provision under the Act. Here, East owns and *operates* the Wilson, North Carolina Wal-Mart. As part of the store's operation, East enforces the quota system. Accordingly, in his capacity as an asset protection associate, Respass was conducting East's business. Furthermore, plaintiff concedes this, stating that "at the time he was chasing Defendant-Lambert, Defendant-Respass considered himself to be protecting the assets of Wal-Mart (i.e. Wal-Mart East and Defendant Wal-Mart Stores)."

Stores Inc. serves as Wal-Mart's overall parent company. As such, it oversees marketing operations and contracts with vendors. Additionally, Stores Inc. manages the asset protection division and is ultimately responsible for the supervision of all asset protection associates.

As noted above, the protection afforded by the exclusivity of remedy provision stems to both employers and *those conducting his business.* Here, East and Stores Inc. directly manage and supervise employees hired by Wal-Mart Associates and thus are afforded protection under the Act.

## Conclusion

In sum, Wal-Mart Associates is not liable to plaintiff under *Woodson* and Respass is not liable under *Pleasant.* Additionally, East and Stores Inc. are protected by the exclusivity of remedy provision set forth in the Act. Accordingly, the trial court did not err in granting Respass' and the Wal-Mart defendants' motions for summary judgment. After careful consideration, we affirm.

Affirmed.

Judges McGEE and HUNTER, Robert C. concur.