CALLANAN v. WALSH

[228 N.C. App. 18 (2013)]

━━━━━━━━━

STEPHANIE CALLANAN, Plaintiff
v.
BRIAN WALSH, Defendant

No. COA13-85

Filed 18 June 2013

1.  **Appeal and Error—interlocutory orders and appeals—prior appeals and remands—new action on same issue**

     In an action involving a prenuptial agreement which had been appealed three times before, an appeal from the denial of a motion to dismiss a specific performance suit filed between the second and third appeals in an equitable distribution action was interlocutory but immediately reviewable. There was the possibility of a double recovery on the same issue or of different results from different venues on the same issue.

2.  **Jurisdiction—prenuptial agreement—superior court claim for specific performance—prior district court claim for equitable distribution**

     The superior court did not have jurisdiction over an action for specific performance of a prenuptial agreement and erred by denying defendant's motion to dismiss. The district court's jurisdiction had already been invoked in an equitable distribution (ED) claim involving the prenuptial agreement, and the superior court thus lacked jurisdiction to adjudicate plaintiff's claim. Further, plaintiff was barred from filing an action for specific performance as a means to circumvent a final ED judgment from which she did not appeal.

Appeal by defendant from order entered 26 September 2012 by Judge Mark E. Powell in Transylvania County Superior Court. Heard in the Court of Appeals 23 May 2013.

*Donald H. Barton, attorney for plaintiff.*

*Joy McIver, attorney for defendant.*

ELMORE, Judge.

Brian A. Walsh (defendant) appeals from an order entered 26 September 2012 by Judge Mark E. Powell, denying his motion to dismiss. After careful consideration, we reverse and remand.

## I. Background

By now, the facts of this case are wholly familiar to this Court, as we have previously heard three separate appeals regarding the same issue again central to the instant appeal: *Callanan v. Walsh*, No. COA 04-1027, 2005 N.C. App. LEXIS 1732 (filed 16 August 2005) (unpublished) (Callanan I); *Callanan v. Walsh*, No. COA 09-482, 2010 N.C. App. LEXIS 48 (filed 19 January 2010) (unpublished) (Callanan II); *Callanan v. Walsh*, No. COA 11-911, 2012 N.C. App. LEXIS 189 (filed 7 February 2012) (unpublished) (Callanan III). The dispute that persists between the parties concerns an agreement (the premarital agreement) they entered into on the date of their marriage, 19 October 1997. In the premarital agreement, defendant and Stephanie Callanan (plaintiff) agreed that "in the event of a dissolution of their marriage" plaintiff "would receive the sum of $450,000.00 from the Defendant in any division of the parties Marital, Divisible, and/or Separate properties." Indeed, the parties separated in 2000 and plaintiff filed for divorce on 6 March 2001. Defendant filed an answer and counterclaim for post-separation support, alimony, and equitable distribution.

On 4 February 2004, Judge C. Dawn Skerrett entered a judgment which, in relevant part, treated the parties premarital agreement as marital debt. Plaintiff appealed, and in Callanan I we determined that the premarital agreement could not have been marital debt and we remanded to the trial court for further findings regarding the $450,000.00. In response to our ruling, Judge S. Cilley entered an order on 6 March 2008, adjusting the 4 February 2004 judgment such that plaintiff's assets were $450,000.00 greater than defendant's. However, on 23 July 2008, defendant filed a Rule 60 motion for relief from the 6 March 2008 order. On 5 November 2008, Judge Cilley entered a new order granting defendant's

motion, withdrawing the 6 March 2008 order, declaring it null and void, and ordering a mistrial. Judge Cilley opined that his 6 March 2008 order "can best be called un-beautiful" because he had based that order on some facts which were "found by another judge" and "on evidence that [he, himself] did not hear[.]" Plaintiff appealed from the 5 November 2008 order, and in Callanan II we vacated the portion of the order declaring a mistrial but dismissed plaintiff's appeal as interlocutory because the 5 November 2008 order required further proceedings. We also noted that the only issue to be resolved by the trial court following Callanan I and II was the treatment of the $450,000.00 in the premarital agreement.

On remand, the trial court entered a judgment on 21 September 2010, concluding that the $450,000.00 matter was a valid prenuptial agreement between the parties. Neither party appealed from this final judgment. However on 7 December 2010, defendant filed a motion for contempt against plaintiff. On 2 March 2011, the trial court found plaintiff in contempt for failing to abide by a portion of the 4 February 2004 judgment. Plaintiff appealed, arguing that 4 February 2004 judgment was no longer in effect. On appeal, we concluded in Callanan III that the 4 February 2004 judgment remained in effect despite the subsequent orders and appeals, with the only change being that the 21 September 2010 judgment reclassified the $450,000.00 in the 4 February 2004 judgment as "a valid prenuptial agreement" rather than "marital debt." We noted though, that "although the trial court originally classified the $450,000.00 matter as marital debt, the trial court arrived at the distributional award by deducting the $450,000.00 amount before dividing the parties' marital assets, ultimately achieving the same result as if the amount had been properly classified as a prenuptial agreement." We then concluded that "the 2010 Judgment is the final judgment in this matter, which left the 2004 Judgment in effect with the amended findings of fact regarding the classification of the $450,000.00 matter" and that "plaintiff did not appeal the 2010 Judgment." As such, we affirmed the trial court's contempt judgment against plaintiff.

Moving to the present appeal, the case is again before us because on 10 March 2011, before we issued our opinion in Callanan III, plaintiff filed a suit against defendant alleging that defendant had failed to pay plaintiff $450,000.00 as pursuant to their premarital agreement. In her complaint, plaintiff sought damages and specific performance. On 3 June 2011, defendant filed an answer and motion to dismiss, arguing, in part, 1) that plaintiff failed to state a claim upon which relief could be granted because her claim was already the subject of an equitable distribution (ED) action and had already been adjudicated and 2) that the trial

CALLANAN v. WALSH

[228 N.C. App. 18 (2013)]

court lacked subject matter jurisdiction of plaintiff's claim because the same claim was already at issue in the ED case and pending on appeal (Callanan III). On 26 September 2001, the trial court entered an order denying defendant's motion to dismiss. Defendant now appeals.

## II. Analysis

[1] We will first address whether defendant's appeal is interlocutory. It is well-established that "[a]n Order denying a Rule 12(b)(6) motion is interlocutory and clearly not appealable." *O'Neill v. Southern Nat'l Bank*, 40 N.C. App. 227, 230, 252 S.E.2d 231, 233 (1979) (citations omitted). Likewise, no immediate appeal exists from a motion to dismiss for lack of subject matter jurisdiction. *See Meherrin Indian Tribe v. Lewis*, 197 N.C. App. 380, 384, 677 S.E.2d 203, 207 (2009) (There exists "an immediate appeal of the denial of a motion to dismiss based on personal jurisdiction, not subject matter jurisdiction."). However, defendant argues that we should reach the merits of his appeal because the dismissal of his appeal could result in two different trials on the same issue, creating the possibility of inconsistent verdicts. *See Estate of Harvey v. Kore-Kut, Inc.*, 180 N.C. App. 195, 198, 636 S.E.2d 210, 212 (2006) ("Where the dismissal of an appeal as interlocutory could result in two different trials on the same issues, creating the possibility of inconsistent verdicts, a substantial right is prejudiced and therefore such dismissal is immediately appealable."). We agree.

The crux of defendant's argument for the immediacy of his appeal is that plaintiff filed her action on 10 March 2011, prior to our ruling in Callanan III, which was issued on 7 February 2012. As such, defendant fears that he is at risk of having the $450,000.00 agreement enforced against him twice in two different actions: once in the ED judgment, and again in the present action. Alternatively, defendant also argues that the trial court for the present suit could conclude opposite to how the trial court in the ED suit concluded, thus creating inconsistent verdicts. This Court has held that

> [a] party has a substantial right to avoid two trials on the same facts in different forums where the results would conflict. Where a party is appealing an interlocutory order to avoid two trials, the party must show that (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists.

*Clements v. Clements*, ___ N.C. App. ___, ___, 725 S.E.2d 373, 376 (2012) (quotations and citations omitted).

We conclude that defendant has met his burden. First, it is obvious that the same factual issue is being presented here as was presented in the ED suit. In Callanan I and II we clearly articulated that the issue being considered there "was the treatment of the purported prenuptial agreement[,]" and "the treatment of a certain $450,000 matter[.]" Here, plaintiff filed the present suit to "demand performance by the Defendant to the terms and conditions" of the same premarital agreement, and she specifically sought payment of $450,000.00. Thus, the trial court here is being presented with the same issue as the trial court in the ED action. Second, because the present suit was filed in superior court and the ED suit was adjudicated in district court there is a possibility of inconsistent verdicts, as two different venues are being asked to review and decide the same issues and circumstances. Thus, we will reach the merits of defendant's appeal.

[2] Turning now to the denial of defendant's motion to dismiss, we conclude that this decision was made in error, as the superior court does not have jurisdiction over the present suit. Defendant directs our attention to *Burgess v. Burgess*, 205 N.C. App. 325, 698 S.E.2d 666 (2010), which we find controlling in this instance.

In *Burgess*, the parties were husband and wife who each owned 50% shares of a residential contracting company, Burgess & Associates, Inc. The parties then divorced and an ED action was filed. In her divorce complaint, the wife requested "exclusive possession and full use of Burgess & Associates pending an equitable distribution of the company." 205 N.C. App. at 326, 698 S.E.2d at 667 (quotations omitted). Sometime later, another dispute arose between the parties regarding the company and the wife filed a separate shareholder action against the husband. The husband then filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the wife had already invoked the jurisdiction of the district court over the ownership of Burgess & Associates. The trial court denied the motion to dismiss, and the husband appealed. *Id.*

On appeal we conducted a *de novo* review of the matter. We noted that "[i]n an equitable distribution action, the district court is empowered to determine what is the marital property and divisible property and shall provide for an equitable distribution of the marital property and divisible property between the parties[.]" *Id.* at 330, 698 S.E.2d at 670 (quotations and citations omitted). Further, once the district court's jurisdiction is invoked by an ED suit, "the superior court lack[s] subject matter jurisdiction to enter orders involving the same marital property." *Id.* at 328, 698 S.E.2d at 669. Applying these principles, we concluded that the wife's claim for ownership of the company was "squarely

addressed in her equitable distribution action" and therefore the wife had "already invoked the powers of the district court to divide the shares of Burgess & Associates" and she could not "use her shareholder suit as an end-around to obtaining sole ownership of the company." As such, we reversed the trial court's order. *Id.* at 330, 698 S.E.2d at 670.

Turning to the facts of the case *sub judice*, it is clear that the premarital agreement and the $450,000.00 matter were directly addressed in the ED suit. Thus, the district court's jurisdiction has already been invoked regarding this matter, and the superior court lacks jurisdiction to adjudicate plaintiff's claim. Further, we note that plaintiff is barred from filing an action for specific performance as a means to circumvent the final ED judgment issued on 21 September 2010, from which she did not appeal.

## III. Conclusion

In sum, we conclude that the trial court erred in denying defendant's motion to dismiss. Defendant's motion should be granted, because the superior court lacks jurisdiction to adjudicate plaintiff's claim

Reversed and remanded.

Judges GEER and DILLON concur.